IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| RACHEL BUTTRY and JENNIFER PETERS, <br><br> Plaintiffs, <br><br> vs. <br><br> DOLLAR GENERAL CORP., <br><br> Defendant. | Case No.: <br><br> RULE 23 CLASS ACTION AND FLSA COLLECTION ACTION COMPLAINT <br><br><br> JURY TRIAL DEMANDED |

Plaintiffs RACHEL BUTTRY and JENNIFER PETERS bring this action on behalf of all others similarly situated against Defendant DOLLAR GENERAL CORP. ("Dollar General") alleging violations of the Fair Labor Standards Act (hereafter "FLSA") of 1938, 29 U.S.C. § 201 *et seq.* and related state law claims.

## INTRODUCTION

1. Plaintiffs bring this action individually and as part of a collective action, under the FLSA, 29 U.S.C. § 206(a), on behalf of other employees who were denied compensation by Defendant. The collective action claims are for overtime compensation, liquidated damages, interest, and attorneys' fees and costs pursuant to the FLSA, 29 U.S.C. §§ 207, 216(b).

2. Plaintiffs also bring this claim individually and as part of a Class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of other similarly situated persons asserting unjust enrichment, breach of agreement, and violation of the Tennessee Wage Regulation Act against Defendant, and seeking to recover all damages related thereto, including compensation for time which Plaintiffs and the Class worked but were not paid.

1
COMPLAINT

## PARTIES

3. Plaintiff Rachel Buttry resides in Rogersville, Tennessee. Plaintiff Buttry was employed at Dollar General store number 11795, located in Bulls Gap, Tennessee, from December 2011 until January 2013. Plaintiff Buttry was employed as a lead supervisor and a 'keyholder', which required that she have control over a key that opened the register. In this capacity she typically worked between 32 and 40 hours per week. Plaintiff has agreed to be a plaintiff in a collective action. A true and correct copy of Plaintiff's executed Consent To Join Collective Action form is attached hereto as Exhibit A.

4. Plaintiff Jennifer Peters resides in Whitesburg, Tennessee. Plaintiff Peters was employed at Dollar General store number 11795, located in Bulls Gap, Tennessee, from January 2010 until January 2013. Plaintiff Peters started working at Dollar General as a cashier at a salary of $7.25 an hour. In 2011, Plaintiff Peters was promoted to a 'keyholder' position. In this capacity she typically worked between 32 and 40 hours per week. Plaintiff has agreed to be a plaintiff in a collective action. A true and correct copy of Plaintiff's executed Consent To Join Collective Action form is attached hereto as Exhibit B.

5. Defendant Dollar General Corp. (hereafter "Defendant") is a Tennessee corporation that does business as "Dollar General" and is headquartered in Goodlettsville, Tennessee. Defendant claims to be the largest discounter retailer in the United States, with more than 10,000 stores in 40 states.

## JURISDICTION AND VENUE

6. The Court has subject matter jurisdiction pursuant to the FLSA of 1938, 29 U.S.C. § 216(b) and 28 U.S.C. § 1337. The Court also has subject matter jurisdiction over the supplemental state law claims pursuant to 28 U.S.C. §§ 1332 and 1367.

7. The Court has personal jurisdiction over the Plaintiffs, who reside in Hawkins County, TN and Hamblen County, TN respectively, and the Defendant, who is based in Goodlettsville, Tennessee.

8. Venue also lies in this District, pursuant to 28 U.S.C. § 1391 because the Defendant is subject to personal jurisdiction in this district, resides in this district, does business in this district, and/or a substantial part of the alleged events or omissions giving rise to this action occurred in this district.

9. The Defendant is a business engaged in commercial enterprise and is a covered employer under the FLSA.

10. In addition to the named Plaintiffs, Defendant employs and has employed within the pertinent period a substantial number of similarly situated employees.

## FACTUAL BASIS FOR SUIT

11. This action is filed on behalf of all non-exempt employees of Defendant whose pay is subject to an automatic meal break deduction even though they are forced to perform compensable work during their meal breaks. These persons include, but are not limited to, key holders and assistant managers employed by Defendant during the six (6) years preceding the filing of this action.

12. Upon information and belief, Defendant maintains a "Tracking Work Time" policy at all of its facilities in which all non-exempt employees of Defendant scheduled to work six or more consecutive hours in a day, receive one 30 minute unpaid, uninterrupted meal break.

Non-exempt employees must clock out when the meal break starts, and clock back in when the meal break is over.

13. The Dollar General electronic timekeeping system only allows employees to clock in twice (at the start of their shift and at the end of the meal break), and clock out twice (at the start of their meal break and at the end of their shift).

14. Plaintiffs and Class members are often required to perform compensable work for Defendant during their uncompensated meal breaks. Specifically, Plaintiffs and Class members are often required to remain on the store premises or remain in the parking lot and use their keys to open registers, run returns, void items and perform other work unpaid meal breaks.

15. Although Defendant requires that an unpaid 30 minute break be taken, and it even indicates in its employee handbook that employees can be terminated for working off the clock, Defendant expects Plaintiffs and Class members to be available to work, and to perform work, during unpaid meal breaks.

16. In spite of the requirement that they clock out, Plaintiffs and Class members are not relieved of their job duties or permitted to leave the store premises during their uncompensated meal breaks.

17. In spite of Defendant's purported policies requiring that all work be performed on the clock, Plaintiffs and Class members are routinely required to stay at their post during their uncompensated meal breaks.

18. Plaintiffs and Class members are forced to perform work for Defendant, on Defendant's premises, in plain sight, during their unpaid meal breaks.

4
COMPLAINT
Case 3:13-cv-00652   Document 1   Filed 07/02/13   Page 4 of 11 PageID #: 4

19. Defendant's executives, managers and other agents have observed Plaintiffs and Class members working through their unpaid meal breaks and yet make no efforts to staff their stores sufficiently to allow Plaintiffs and the Class members a proper meal break.

20. Defendant knows and/or has reason to believe that Plaintiffs and Class members perform work during their unpaid meal breaks.

21. Defendant does not ensure that Plaintiffs and the Class members are completely relieved of their work duties during their uncompensated meal breaks.

22. Defendant routinely fails to ensure that unauthorized work is not being performed during employee meal breaks, and as a result Defendant receives an undue windfall of free labor.

23. Both Plaintiff Buttry and Plaintiff Peters complained to their manager about having to work while clocked out, and were told this was the company policy. On at least one occasion Plaintiff Peters was reprimanded by her district manager for leaving the premises during her unpaid lunch break.

24. Both Plaintiff Buttry and Plaintiff Peters attempted to contact the CEO of Dollar General by telephone to complain about the practice of having to work during their unpaid lunch break. They were transferred to the so-called resolution center where they spoke with a woman named "Gerry" or "Jerry". In spite of these efforts, the practice continues to this day.

25. Similarly situated employees have complained on online message boards in other states, including Illinois, (see Exhibit C), Missouri (see Exhibit D) and South Carolina (see Exhibit E), that Dollar General requires that they clock out during their lunch break, but remain on the premises to perform work as needed.

26. Even though Defendant knows that Plaintiffs and Class members are working during meal breaks, Defendant fails to compensate Plaintiffs and Class members for their work

at the wage that Plaintiffs and the Class members had agreed to accept for performance of said work. Instead, Defendant benefits from Plaintiffs' and the Class members' uncompensated work.

27. Dollar General does not have a protocol that would allow employees to seek compensation for the off the clock work performed during meal breaks. In fact, Dollar General purports to prohibit its employees from working off the clock while at the same time it knowingly, willingly, and intentionally requires, as a result of its staffing policies, that employees perform work during their meal breaks. The result is that Plaintiffs and the proposed Class are forced to provide free labor in direct violation of State law and the FLSA.

28. The evidence reflecting the number of uncompensated hours worked by Plaintiffs and each Class member and the compensation rates for the relevant work periods is in the possession of Defendant. While Plaintiffs are unable to state at this time the exact amount owing to the Class, Plaintiffs propose to obtain such information by appropriate and focused discovery proceedings to be taken promptly in this action, and request that damages or restitution be awarded according to proof thus obtained and presented to the Court. When an employer fails to keep such time records, employees may establish the hours worked solely by their testimony and the burden of overcoming such testimony shifts to the employer.

## "OPT-IN" COLLECTIVE ACTION

29. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. §216(b) as to claims for compensation, liquidated damages, interest, attorneys' fees and costs under the FLSA.

30. In addition to Plaintiffs, numerous current and former employees of Defendant throughout the nation are similarly situated to Plaintiffs with regard to their wages and damages,

in that they have been denied proper compensation for at least six (6) years prior to the filing of this complaint.

31. Plaintiffs are representatives of the other current and former employees and are acting on behalf of their interests as well as Plaintiffs' own interests in bringing this action.

32. Those similarly situated employees are known to Defendant and are readily identifiable, and may be located through Defendant's records.

33. These similarly situated employees may be readily notified of this action and allowed to "opt in" pursuant to 29 U.S.C. § 216(b), for purposes of collectively adjudicating their claims for compensation, liquidated damages, interest, attorneys' fees, and costs under the FLSA.

## CLASS ALLEGATIONS

34. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiffs bring this action on behalf of themselves and all other persons similarly situated, specifically, as follows:

> All persons in the State of Tennessee employed in a non-exempt position within the six years preceding the filing of this action by Defendant, whose pay was subject to an automatic meal period deduction even when they performed compensable work during the unpaid meal break.

Upon information and belief, Plaintiffs believe that the definition of the Class will be further refined following discovery of Defendant's books and records.

35. **Numerosity**. Plaintiffs are informed and believe, and thereon allege that there are a sufficient number of Class members to satisfy the numerosity requirement of Fed. R. Civ. P. 23.

36. The exact size of the Class and the identities of the individual members thereof are ascertainable through Defendant's records. Defendant has exclusive control of this information.

37. Members of the Class may be notified of the pendency of this action by techniques and forms commonly used in Class action, such as by published notice, e-mail notice, website notices, First-Class Mail, or combinations thereof, or by other methods suitable to this Class and deemed necessary and/or appropriate by this Court.

38. The Class is sufficiently numerous to make bringing all parties before the Court impractical.

39. **Typicality**. Plaintiffs' claims are typical of the claims of the members of the Class. The claims of Plaintiffs and members of the Class are based on the same legal theories and arise from the same unlawful conduct.

40. Plaintiffs and members of the Class are each present or past employees of Defendant, who were subject to Defendant's automatic meal deduction policy, and had meal periods automatically deducted from their pay regardless of whether they were actually able to take their meal breaks.

41. **Common Questions of Law and Fact**. There is a well-defined community of interest of common questions of law and fact affecting members of the Class.

42. The questions of law and fact common to the Class predominate over questions which may affect individual members because the claims of all members of the Class are based on Defendant's failure to pay wages for hours worked.

43. **Adequacy of Representation**. Plaintiffs can and will adequately and vigorously represent and protect the interest of the members of the Class. Plaintiffs have no interests

antagonistic to the members of the Class. Plaintiffs have also retained counsel able, competent and qualified to prosecute this Class action litigation.

44. Plaintiffs and Plaintiffs' counsel will fairly and adequately protect the interests of the Class.

45. **Superiority.** A Class action is superior to other available means for the fair and efficient adjudication of the claims of the Class. While the aggregate damages that may be awarded to the members of the Class are likely to be substantial, the damages suffered by the individual members of the Class may be relatively small.

46. As a result, the expense and burden of individual litigation makes it economically infeasible and procedurally impracticable for each member of the Class to individually seek redress for the wrongs done to them.

47. Plaintiffs do not know of any other litigation concerning this controversy already commenced by any member of the Class or against Defendant.

48. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments, and would increase the delay and expense to all parties and the court system resulting from multiple trials of the same factual issues.

49. In contrast, the conduct of this matter as a Class action presents fewer management difficulties, conserves the resources of the parties and the court system, and would protect the rights of each member of the Class.

50. Plaintiffs know of no difficulty to be encountered in the management of this action that would preclude its maintenance as a Class action.

## CAUSES OF ACTION

51. The forgoing facts are incorporated by reference as if fully stated herein.

52. Plaintiffs demand a jury.

53. Plaintiffs, on behalf of themselves and others similarly situated, bring the following causes of action against Defendant:

    a. Willful failure to pay overtime wages in violation of the Fair Labor Standards Act of 1938;

    b. Unjust Enrichment/Quantum Meruit;

    c. Breach of Contract; and

    d. Violation of the Tennessee Wage Regulation Act (Tenn. Code 50-2-103(h)).

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFFS pray for the following relief:

A. Authorization to issue notice pursuant to 29 U.S.C. §216(b) at the earliest possible time to all current and former non-exempt "keyholder" employees during the six (6) years immediately preceding the filing of this action, informing them that this action has been filed, of the nature of the action, and of their right to opt into this lawsuit if they were not paid during their meal breaks when they were forced to work.

B. A declaratory judgment that Defendant has violated the compensation provisions of the FLSA, 29 U.S.C. § 206, as to Plaintiffs and similarly situated persons who opt into this action

C. A declaratory judgment that Defendant's violations of the FLSA were willful;

D. An award to Plaintiffs and others similarly situated who opt into this action of damages in the amount of unpaid compensation to be proven at trial, which may include overtime in some cases;

E. An award to Plaintiffs and others similarly situated who opt into this action of interest and liquidated damages in an amount equal to the compensation shown to be owed to them pursuant to 29 U.S.C. § 216(b);

F. An award to Plaintiffs and others similarly situated who opt into this action of reasonable attorneys' fees and costs, pursuant to 29 U.S.C. § 216(b);

G. An order certifying the Rule 23 Class, appointing Plaintiffs as the representative of the Class, and appointing counsel for Plaintiffs as Class Counsel;

H. An award of compensatory and economic damages in an amount to be proven at trial;

I. An award of consequential and incidental damages in an amount to be proven at trial;

J. An award of pre- and post-judgment interest; and

K. An award of such other and further legal and equitable relief as may be appropriate.

Respectfully submitted,

Dated this [Date] 7/1/13

SKOUTERIS & MAGEE, PLLC

*B.J. Wade*
B.J. Wade
50 N Front Street, Suite 920
Memphis, TN 38103
Telephone: 888.339.6032
bwade@skouterismagee.com

Joshua C. Ezrin
AUDET & PARTNERS, LLP
221 Main Street, Suite 1460
San Francisco, CA 94105
Telephone: 415.568.2555
Facsimile: 415.568.2556
jezrin@audetlaw.com

11
COMPLAINT
Case 3:13-cv-00652   Document 1   Filed 07/02/13   Page 11 of 11 PageID #: 11