IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

RACHEL BUTTRY, et al.        )
                             )
v.                           ) NO. 3-13-0652
                             ) JUDGE CAMPBELL
DOLLAR GENERAL CORP.         )

MEMORANDUM

Pending before the Court are Plaintiffs' Motion for Approval of 29 U.S.C. § 216(b) Notice and Consent Forms and to Order Disclosure of Current and Former Employees (Docket No. 77); Defendant's Objections to Plaintiffs' Proposed Notice of Collective Action (Docket No. 106); and Defendant's Objections and Motion to Strike Affidavits and Factual Misstatements Submitted by Plaintiffs (Docket No. 108). The Court held a hearing on the pending Motions on April 2, 2014.

Plaintiffs filed this action as a purported collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* Plaintiffs allege that Defendant's undisputed policy requires non-exempt "key-holder" employees to stay on the store premises during their meal breaks if they are the only key-holder in the store and that, even when clocked out for a meal break, these employees are routinely required to perform uncompensated work. The pending Motion asks the Court, among other things, to conditionally certify this case as a collective action under the FLSA and to order notice to all current and former employees of Defendant who were classified as non-exempt key-holders and who worked at Defendant's locations during the three years preceding the filing of this lawsuit.

Defendant does not dispute that its policy requires non-exempt key-holder employees to stay on the premises during their meal breaks if they are the only key-holder in the store at that time.

Defendant argues that its policy also provides that any employee who is interrupted to work during his or her meal break is to be compensated for the entire meal break. Defendant also maintains that its policy is never to allow off-the-clock work. Defendant contends that a determination of whether potential Plaintiffs actually performed uncompensated work during their meal breaks and, if so, how long they were interrupted, involves individualized analysis of each Plaintiff's situation and the facts underlying each claim in order to determine if Defendant is liable for additional compensation to that Plaintiff.

CONDITIONAL CERTIFICATION

The FLSA provides that a collective action to recover compensation may be maintained against any employer by any one or more employees for and in behalf of themselves and other employees similarly situated. 29 U.S.C. § 216(b).[1]

In determining whether plaintiffs are similarly situated, a court may consider whether their claims are unified by common theories of defendants' statutory violations, even if the proofs of these theories are inevitably individualized and distinct. *O'Brien v. Ed Donnelly Enterprises, Inc.*, 575 F.3d 567, 585 (6th Cir. 2009). Thus, a plaintiff may show that she is similarly situated to the potential claimants by demonstrating that they were subject to a common policy or plan that violated the law. *Id.*; *Ott v. Publix Super Markets, Inc.*, 2013 WL 1874258 at * 2 (M.D. Tenn. May 3, 2013).

Federal regulations provide that employees must be completely relieved from duty for the purposes of eating regular meals. 29 C.F.R. § 785.19(a). "In addition, the employee is not relieved if he is required to perform any duties, whether active or inactive, while eating." *Id.* It is not

---

[1] Unlike class actions under Fed. R. Civ. P. 23, FLSA collective actions require similarly-situated employees to "opt in" as party plaintiffs.

necessary that an employee be permitted to leave the premises if he is otherwise completely freed from duties during the meal period. 29 C.F.R. § 785.19(b).

The Sixth Circuit has interpreted[2] this regulation in *Hill v. United States*, 751 F.2d 810, 814 (6th Cir. 1984) by stating: "As long as the employee can pursue his or her mealtime adequately and comfortably, is not engaged in the performance of any substantial duties, and does not spend time predominantly for the employer's benefit, the employee is relieved of duty and is not entitled to compensation under the FLSA. . . . It is only when an employee is required to give up a substantial measure of his time and effort that compensable working time is involved." *Id.*; s*ee also Abadeer v. Tyson Foods, Inc.*, __ F.Supp.2d __, 2013 WL 5498190 at * 11 (M.D. Tenn. Oct. 3, 2013).

In *Hill*, the court found the employee's meal period was not compensable because he was not required to perform any activities which could be characterized as substantial duties. *Hill*, 751 F.2d at 814. The court noted that its holding was "based on the need for a flexible and realistic standard for compensability and on the particular circumstances of this case." *Id*. The question of whether activities performed during a meal period are predominantly for the benefit of the employer is highly individualized and fact-based. *Jordan v. IBP, Inc.*, 542 F.Supp. 2d 790, 814 (M.D. Tenn. 2008).

Here, Plaintiffs have sufficiently alleged that Defendant's policy requires non-exempt key-holders to remain on site during their meal breaks if they are the only key-holder in the store. That policy, in and of itself, however, is not unlawful. *See* 29 C.F.R. § 785.19(b); *Brown v. Howard Industries, Inc.*, 116 F.Supp.2d 764, 766 (S.D. Miss. 2000) (collecting cases).

Defendant has shown that its policy is to pay employees for the entire meal break when they perform compensable work during any part of that break. In support of that policy, Defendant's

---

[2] *Hill* does not "reject" the regulation (29 C.F.R. § 785.19), as Defendant argues.

3

software requires employees to clock in before performing tasks on the cash register. In other words, Defendant does not place the burden of correction on the employees because the software defaults to requiring them to clock in. Plaintiffs argue that, in reality, Defendant's policies are not followed, but Plaintiffs have not sufficiently shown that deviations from or violations of these policies are company-wide; rather, they relate to individual stores or individual store managers.

Although the FLSA does not define "similarly situated," the Sixth Circuit has identified a number of factors which have been considered by the courts: the factual and employment settings of individual Plaintiffs; the different defenses to which the Plaintiffs may be subject on an individual basis; and the degree of fairness and procedural impact of certifying the action as a collective action. *O'Brien*, 575 F.3d at 584. It is clear that Plaintiffs are similarly situated when they suffer from a single, FLSA-violating policy, and when proof of that policy or of conduct in conformity with that policy proves a violation as to all the Plaintiffs. *Id.* at 585; *Benson v. Asurion Corp.*, 2010 WL 4922704 at * 2 (M.D. Tenn. Nov. 29, 2010).

Plaintiffs have not shown that the potential Plaintiffs in this case are subject to a single FLSA-violating policy. Requiring key-holder employees to remain on the premises during their meal breaks does not violate the FLSA. Although requiring employees to remain on the premises during their meal breaks and work without being compensated could be a violation of the FLSA, that is not the policy of Defendant. Moreover, determining whether employees were required to work during their meal breaks without being compensated would require individualized analysis as to each Plaintiff. In addition, the potential Plaintiffs would be subject to individualized defenses. The Court would have to examine, employee-by-employee, whether they worked forty hours per week; whether they not only stayed on the premises but they were essentially "on call" during their meal breaks;

4

whether they performed more than *de minimus* duties predominantly for the benefit of the Defendant; and whether, pursuant to an unlawful policy of Dollar General, they were not paid for that compensable work.

These individual questions do not simply relate to damages, as Plaintiffs argue. These factors require individualized proof in order to determine liability. As noted above, determining whether activities performed by the potential Plaintiffs during their meal breaks were predominantly for the benefit of the Defendant requires an individualized and fact-based analysis. Plaintiffs' allegations of uncompensated work during meal breaks arise under unique and individualized circumstances which make proceeding on a collective action basis inappropriate in this case.

## CONCLUSION

For all these reasons, Plaintiffs' Motion for Approval of 29 U.S.C. § 216(b) Notice and Consent Forms and to Order Disclosure of Current and Former Employees (Docket No. 77) is DENIED. In light of this ruling, Defendant's Objections to Plaintiffs' Proposed Notice of Collective Action (Docket No. 106) and Defendant's Objections and Motion to Strike Affidavits and Factual Misstatements Submitted by Plaintiffs (Docket No. 108) are denied as moot.

IT IS SO ORDERED.

*Todd Campbell*
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE