# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| RACHEL BUTTRY and JENNIFER PETERS,<br><br>Plaintiffs,<br><br>v.<br><br>DOLLAR GENERAL CORP.,<br><br>Defendant. | Case No.: 3:13-cv-00652<br><br>District Judge Todd J. Campbell<br><br>Magistrate Judge E. Clifton Knowles |

## JOINT MOTION TO APPROVE PROPOSED SETTLEMENT

Defendant Dollar General Corporation ("Defendant") and Plaintiffs Rachel Buttry and Jennifer Peters ("Plaintiffs") (collectively, the "Parties") file this Joint Motion to Approve the Parties' Proposed Master Settlement Agreement. The Parties, by and through the undersigned counsel, move this Court for an Order approving the Master Settlement Agreement previously filed under seal with this Court on December 14, 2015. In support of this Motion, the Parties would show the Court as follows:

## I. INTRODUCTION

In this Fair Labor Standards Act ("FLSA") action, the Plaintiffs and Defendant jointly request that the Court enter an order approving the settlement reached between the Parties in resolution of a *bona fide* dispute regarding Plaintiffs' asserted entitlement to damages under FLSA. The Parties have carefully and exhaustively negotiated a settlement in this action. They have agreed to resolve the disputed factual and legal issues on terms set forth in the Agreement, which is described below.

The Court will find, after scrutinizing the settlement, that the Agreement is fair and should be approved, as it provides real monetary relief for claims to Plaintiffs. The Agreement reflects reasonable compromises of issues actually in dispute, was reached in an adversarial context in which the Plaintiffs were represented by competent and experienced counsel, and is fair and reasonable in its totality. For these reasons, and the reasons set forth more fully below, the Parties jointly request that the Court enter an Order approving the Agreement.

## II. FACTS

Plaintiffs filed this action on July 2, 2013, in the United States District Court for the Middle District of Tennessee, pursuant to the Fair Labor Standards Act. The Representative Plaintiffs alleged Defendant's common policy, requiring non-exempt key-holders to clock-out for meal breaks while remaining on the store premises, violated the Fair Labor Standards Act. The Defendant vigorously denied these allegations, and the Parties conducted extensive discovery. On April 4, 2014, this Court entered an Order denying Plaintiffs' motion for conditional class certification.

Substantial discovery was undertaken by the Parties which included depositions of each of the Representative Plaintiffs, eight opt-in Plaintiffs located around the country, and four of the Defendant's corporate representatives. In addition, counsel for the Representative Plaintiffs conducted extensive discovery of all of the relevant scheduling and pay records maintained by the Defendant. The store schedules and pay records comprised of thousands of documents, each of which had to be separately examined.

Beginning in May 2014, counsel for the Parties began settlement discussions aimed at resolving the outstanding claims between the Parties. After several rounds of negotiations, the Parties reached a tentative agreement subject to the approval of the Representative Plaintiffs and

a final agreement as to the exact language of the settlement. The agreement was communicated to the Representative Plaintiffs on or about January 2015, and they accepted the general terms of the agreement. The Parties then began work on the details of the agreement, which was successfully concluded on December 12, 2015, and is contained in the Master Settlement Agreement previously filed under seal with this Court (*see* Docket No. 175). Some of the pertinent terms of the Agreement are as follows:

1. Plaintiffs and Opt-In Plaintiffs will be invited to join in the Master Settlement Agreement to settle their individual claims by returning an individual settlement agreement (in the form attached to the Master Settlement Agreement as Exhibit B (for former employees) or Exhibit C (for current employees)) allowing them to participate in the settlement;

2. The Defendant will pay, related to each participating Plaintiff and Opt-In Plaintiff who timely returns the applicable, fully executed, individual settlement agreement, the individual amounts as set forth in the Plan of Allocation, attached as Exhibit A to the Master Settlement Agreement

3. Defendant will pay the Court approved Class Counsel in accordance with the terms of the Master Settlement Agreement an amount set forth in the Agreement to cover all costs, expenses and fees incurred up to the date of the Court's entry of an Order approving this settlement.[1] No further cost, expenses, and fees will be owed to Plaintiffs, Opt-In Plaintiffs, nor their counsel other than that provided in the Master Settlement Agreement.

---

[1] Plaintiffs' counsel voluntarily reduced their fees from 33% (as set forth in the respective attorney-client agreements) to 25%. The amount of fees recovered under the proposed Master Settlement Agreement is substantially less than the amount of time Plaintiffs' Counsel invested in this action. (*See* Declaration of Joshua C. Ezrin ("Ezrin Decl." at ¶ 7.)

## III. LEGAL ANALYSIS

In determining whether to approve a settlement as being fair, just and reasonable, the Court must look to the fairness of the proposed settlement to those affected, and whether the settlement is in the public interest. *Williams v. Vukovich*, 720 F.2d 909 (6th Cir. 1983). Actions brought under FLSA are not true class actions as contemplated by the Federal Rules of Civil Procedure. 29 U.S.C. § 216(b). The Sixth Circuit Court of Appeals noted that this type of representative suit is not a true class action in the sense that in order to bind anyone to the result obtained, that individual must affirmatively consent to be bound. *Clougherty v. James Vernor Co.*, 187 F.2d 288 (6th Cir. 1951). The significance of this is that the due process concerns, which mandate a high level of judicial scrutiny of class action litigation, are not present in FLSA actions. *Maguire v. Trans World Airlines, Inc.*, 55 F.R.D. 48 (S.D.N.Y. 1972); *Wagner v. Loew's Theatres, Inc.*, 76 F.R.D. 23 (M.D.N.C. 1977).

This Court should approve this Agreement because the settlement is the product of robustly contested litigation, Plaintiffs are represented by competent and experienced counsel, and the settlement agreement reflects a reasonable compromise over disputed issues. The settlement provisions also are fair and reasonable. FLSA claims, except in two circumstances, cannot be waived or settled. The exceptions are (1) that the Secretary of Labor can supervise the payment of back wages, or (2) that the employer and employee present the proposed settlement to the district court for approval. 29 U.S.C. § 216(c); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982). Both Plaintiffs and Defendant request this Court approve the Parties' Agreement. A district court, when reviewing a proposed settlement of FLSA claims, must "scrutiniz[e] the settlement for fairness" and decide whether the proposed settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Id*. at 1353-55.

*Lynn's Food Stores* essentially established four factors for a district court to examine to determine whether to approve a FLSA settlement:

1. Was the settlement achieved in an adversarial context?
2. Was the Plaintiff represented by attorneys who can protect their rights?
3. Does the settlement reflect a reasonable compromise over issues that are actually in dispute?
4. Is the settlement fair?

*Id*. at 1353-54.

The Agreed Stipulation, attached as Exhibit 1 hereto, reveals that the settlement was negotiated at arm's length by experienced counsel who protected the rights of the Parties. The Agreement reflects reasonable compromises of *bona fide* disputes between the Parties regarding the questions of liability and the amount of alleged damages under FLSA. Furthermore, the Parties have agreed in the Agreed Stipulation that the settlement is fair, just, and adequate to settle the claims of the individual Plaintiffs. Plaintiffs may get nothing if this case were to proceed through trial. Even if Plaintiffs were to prevail at trial on the issue of liability, a process likely to consume several more months, Plaintiffs' damages might not exceed the amount to which Plaintiffs have agreed to settle at this stage. Finally, the settlement is the product of arms-length bargaining conducted by experienced legal counsel. The Court should, in any event, take into account the inherent risks of litigation. "The fact that a proposed settlement may only amount to a fraction of the potential recovery does not indicate that the settlement is not fair and reasonable," after taking into account the risks and costs of litigation. *Quintanilla v. A&RDemolition Inc.*, No. 04-cv-1965, 2008 U.S. Dist. LEXIS 37449 (S.D. Tex. May 7, 2008) (citing *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 455 (2d Cir. 1974)).

The endorsement of the settlement by counsel for both Parties is a "factor that weighs in favor of approval." *Quintanilla*, 2008 U.S. Dist. LEXIS at *15. In reviewing the opinions of counsel, "a court should bear in mind that counsel for each side possess[es] the unique ability to assess the potential risks and rewards of litigation. *Id*. at *14 (citing *San Antonio Hispanic Police Officers' Org., Inc. v. City of San Antonio*, 188 F.R.D. 433, 461 (W.D. Tex. 1999)). In this case, Plaintiffs' counsel is fully aware of the factual contentions of his clients and is in the best position to opine as to whether this settlement produces fair results after consideration of risks. In a series of cases involving Dollar General store managers in another jurisdiction, summary judgment was granted to seven Plaintiffs, only to be subsequently vacated on appeal and then later denied. *See Allen v. Dolgencorp, Inc.*, 513 F. Supp. 2d 1215 (N.D. Ala. 2007) *rev'd and vacated*, 2008 U.S. App. LEXIS 11506 (11th Cir. Ala. May 23, 2008). Accordingly, none of the Parties could reasonably have any level of certainty as to the ultimate probability of success. The Parties have entered into a proposed individual confidential settlement agreement to avoid the necessity, expense, inconvenience and uncertainty of litigation. The Parties, with the Court's approval, would like to resolve and settle all claims and disputes between them arising out of, or in any way related to, Plaintiffs' claims under the Fair Labor Standards Act.

In the present case, the settlement being proposed is fair and adequate. Moreover, Defendant has approved a settlement allowing for some recovery to each and every Opt-In Plaintiff who joined this case. In addition to this, the entire settlement is subject to the scrutiny and approval of the Court. Finally, no individual who does not opt-into the class, with prior notice that the Parties had reached a settlement, will be bound to its terms. The Agreement also promotes both judicial economy and the public good. In the interests of judicial economy,

approving the settlement will prevent the filing and prosecution of close to 50 individual suits across the country.

## IV.    CONCLUSION

The Parties believe that the Master Settlement Agreement reached is a fair and reasonable compromise of the respective positions of the Parties. The Parties therefore respectfully request the Court approve the settlement and enter the Proposed Order. Entry of the Proposed Order will "secure the just, speedy and inexpensive determination" of these actions in accordance with FED. R. CIV. P. 1. Accordingly, the Parties respectfully request that this Court enter an Order approving the settlement.

Respectfully submitted this 15th day of December, 2015.

/s/ *Joshua C. Ezrin*
**Joshua C. Ezrin** – admitted *pro hac vice*
AUDET & PARTNERS, LLP
711 Van Ness Avenue, Suite 500
San Francisco CA 94102-3229
jezrin@audetlaw.com

/s/ *B.J. Wade*
**B.J. Wade**
SKOUTERIS & MAGEE, PLLC
50 N. Front St., Suite 920
Memphis, TN 38103
bwade@skouterismagee.com

*Counsel for Plaintiffs*

/s/ *Melissa M. Hensley*
**Melissa M. Hensley** – admitted *pro hac vice*
MCGUIRE WOODS LLP
2000 McKinney Ave. Suite 1400
Dallas, TX 75201
mhensley@mcguirewoods.com

/s/ *Morris Reid Estes , Jr.*
**Morris Reid Estes , Jr.**
DICKINSON WRIGHT PLLC
Fifth Third Center
424 Church Street, Suite 1401
Nashville, TN 37219-2392
restes@dickinsonwright.com

*Counsel for Defendant*

# CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing has been served via ECF on this 15th day of December 2015 as follows:

| | |
|---|---|
| B.J. Wade<br>**SKOUTERIS & MAGEE, PLLC**<br>50 N. Front St., Suite 920<br>Memphis, TN 38103<br>bwade@skouterismagee.com<br><br>*Counsel for Plaintiffs* | Joel S. Allen<br>Melissa M. Hensley<br>**MCGUIRE WOODS, LLP**<br>2000 McKinney Ave. Suite 1400<br>Dallas, TX 75201<br>jallen@mcguirewoods.com<br>mhensley@mcguirewoods.com<br><br>Morris Reid Estes, Jr.<br>**DICKINSON WRIGHT, PLLC**<br>Fifth Third Center<br>424 Church Street<br>Suite 1401<br>Nashville, TN 37219-2392<br>restes@dickinsonwright.com<br><br>*Counsel for Defendant* |