IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| RACHEL BUTTRY and JENNIFER PETERS,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>DOLLAR GENERAL, CORP.,<br><br>　　　　Defendant. | Case No.: 3:13-cv-00652<br><br>District Judge Todd J. Campbell<br><br>Magistrate Judge E. Clifton Knowles |

**DECLARATION OF JOSHUA C. EZRIN IN SUPPORT OF
JOINT MOTION TO APPROVE PROPOSED SETTLEMENT**

I, Joshua C. Ezrin, declare as follows:

1. I am an attorney at law licensed to practice before this Court and am an associate with the law firm of Audet & Partners, LLP, attorney for Plaintiffs Rachel Buttry and Jennifer Peters, and I have personal knowledge of the following:

2. The Representative Plaintiffs filed this action on July 2, 2013, in the United States District Court for the Middle District of Tennessee, pursuant to the Fair Labor Standards Act. The Representative Plaintiffs alleged Defendant's common policy, requiring non-exempt key-holders to clock-out for meal breaks while remaining on the store premises, violated the Fair Labor Standards Act. The Defendant vigorously denied these allegations, and the Parties conducted extensive discovery. On April 4, 2014, this Court entered an Order denying Plaintiffs' motion for conditional class certification.

3. Substantial discovery was undertaken by the Parties which included depositions of each of the Representative Plaintiffs, six opt-in Plaintiffs located around the country, and four

of the Defendant's corporate representatives. In addition, counsel for the Representative Plaintiffs conducted extensive discovery of all of the relevant scheduling, timesheets and pay records maintained by the Defendant. The timesheets and pay records comprised of thousands of documents, each of which had to be separately examined.

4. Beginning in May 2014, counsel for the Parties began settlement discussions aimed at resolving the outstanding claims between the parties. After several rounds of negotiations, the Parties reached a tentative agreement subject to the approval of the Representative Plaintiffs and a final agreement as to the exact language of the settlement. The agreement was communicated to the Representative Plaintiffs on or about January 2015, and they accepted the general terms of the agreement. The parties then began work on the details of the agreement, which was successfully concluded on December 12, 2015, and is contained in the Master Settlement Agreement previously filed under seal with this Court (*see* Docket No. 175).

5. During the course of the litigation, Plaintiffs expended tens of thousands of hours of time and thousands of dollars in expenses establishing the facts of the problem, extensively communicating with Class Members, analyzing thousands of pages of documents, and, finally, negotiating with Defendant over an extended period of time to reach the settlement being presented to this Court for approval.

6. At the outset of this litigation, before filing the Complaint, my firm faced tremendous risk and hurdles, including the risk that Defendant would prevail on a motion for summary judgment/ The achievements of the settlement before this Court are exactly what the class device was meant to accomplish:

- Each individual class member, few of whom could afford to litigate this case on their own, may file a claim that could award to that class member relief based upon the formula approved by this Court;
- Provides a ready-made settlement structure;
- Provides full opt-out rights for those Class Members who want to pursue individual claims;

7. Class Counsel have expended $343,619 of time on this case up until the date settlement negotiations began completing the multitude of tasks necessary to build and ultimately settle the case, and 27,806.27 in costs to prosecute the action. During the past two years, Class Counsel have:

- undertaken an extensive investigation of the facts, the applicable legal standard, and relevant class action standards;
- established contact with dozens of potential Class Members;
- reviewed thousands of pages of documents produced and collected, archived and/or analyzed thousands of pages of documents obtained through discovery;
- prepared and taken multiple depositions;
- incurred costs; and

8. The Parties' arm's length negotiations included several in person meetings of the parties in San Francisco, dozens of telephonic conferences/negotiations and the exchange of numerous written settlement proposals under the supervision of the Honorable Fern M. Smith (Ret.). The parties had to resolve disputes including the scope of the defect and extent of damages, as well as the availability of warranty claims for Class Members. The negotiations were contentious, as is demonstrated by the fact that they went on for almost a year, and were marked by several "lulls" (during which the parties had to reconsider their positions regarding key issues).

9. The Agreed Stipulation between the Parties is attached hereto as Exhibit 1.

10. The Audet & Partners, LLP Expense Report, attached hereto as Exhibit 2, sets forth the expenses incurred by the firm in the Defendant litigation.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on December 15, 2015, in San Francisco, CA.

/s/ *Joshua C. Ezrin*
**Joshua C. Ezrin** – admitted *pro hac vice*
AUDET & PARTNERS, LLP
711 Van Ness Avenue, Suite 500
San Francisco CA 94102-3229
jezrin@audetlaw.com

# CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing has been served via ECF on this 15th day of December 2015 as follows:

| | |
|---|---|
| B.J. Wade<br>**SKOUTERIS & MAGEE, PLLC**<br>50 N. Front St., Suite 920<br>Memphis, TN 38103<br>bwade@skouterismagee.com<br><br>*Counsel for Plaintiffs* | Joel S. Allen<br>Melissa M. Hensley<br>**MCGUIRE WOODS, LLP**<br>2000 McKinney Ave. Suite 1400<br>Dallas, TX 75201<br>jallen@mcguirewoods.com<br>mhensley@mcguirewoods.com<br><br>Morris Reid Estes, Jr.<br>DICKINSON WRIGHT, PLLC<br>Fifth Third Center<br>424 Church Street<br>Suite 1401<br>Nashville, TN 37219-2392<br>restes@dickinsonwright.com |

5     Case No.: 3:13-cv-00652
CERTIFICATE OF SERVICE
Case 3:13-cv-00652   Document 177-1   Filed 12/15/15   Page 5 of 11 PageID #: 4173

# Exhibit 1

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| RACHEL BUTTRY and JENNIFER PETERS, <br><br> Plaintiffs, <br><br> vs. <br><br> DOLLAR GENERAL CORP., <br><br> Defendant. | Case No.: 3:13-cv-00652 <br><br> District Judge Todd J. Campbell <br><br> Magistrate Judge E. Clifton Knowles |

## STIPULATION

It is hereby agreed and stipulated by Plaintiffs Rachel Buttry and Jennifer Peters ("Plaintiffs") and Dollar General Corp. ("Defendant" or "Dollar General"), (collectively referred to herein as "Parties"), that the Parties have reached a settlement of Plaintiffs' claims, including Plaintiffs' claims under the Fair Labor Standards Act ("FLSA"). This settlement was negotiated at arm's length by experienced counsel who protected the rights of the Parties. The Parties stipulate that the settlement reflects reasonable compromise concerning *bona fide* disputes between them with respect to liability and the amount of same under the FLSA. The Parties further stipulate that the amounts and terms of the settlement is fair and just compensation for Plaintiffs' claims.

Respectfully submitted this 15th day of December, 2015.

/s/ *Joshua C. Ezrin*
**Joshua C. Ezrin** – admitted *pro hac vice*
AUDET & PARTNERS, LLP
711 Van Ness Avenue, Suite 500
San Francisco CA 94102-3229
jezrin@audetlaw.com

/s/ *B.J. Wade*
**B.J. Wade**
SKOUTERIS & MAGEE, PLLC
50 N. Front St., Suite 920
Memphis, TN 38103
bwade@skouterismagee.com

*Counsel for Plaintiffs*

/s/ *Melissa M. Hensley*
**Melissa M. Hensley** – admitted *pro hac vice*
MCGUIRE WOODS LLP
2000 McKinney Ave. Suite 1400
Dallas, TX 75201
mhensley@mcguirewoods.com

/s/ *Morris Reid Estes, Jr.*
**Morris Reid Estes, Jr.**
DICKINSON WRIGHT PLLC
restes@dickinsonwright.com
Fifth Third Center
424 Church Street, Suite 1401
Nashville, TN 37219-2392

*Counsel for Defendant*

# CERTIFICATE OF SERVICE

I hereby certify that on this, I caused to be served a copy of the foregoing Stipulation on the following via the Court's CM/ECF System:

B.J. Wade
SKOUTERIS & MAGEE, PLLC
50 N. Front St., Suite 920
Memphis, TN 38103
bwade@skouterismagee.com

*Counsel for Plaintiffs*

McGuire Woods LLP (Dallas Office)
Joel S. Allen
jallen@mcguirewoods.com
Melissa M. Hensley
mhensley@mcguirewoods.com
2000 McKinney Ave. Suite 1400
Dallas, TX 75201
(214) 932-6400
Fax: (214) 466-4001

Morris Reid Estes, Jr.
Dickinson Wright PLLC
Fifth Third Center
424 Church Street
Suite 1401
Nashville, TN 37219-2392
(615) 244-6538
Email: restes@dickinsonwright.com

*Counsel for Defendant*

Exhibit 2

**Audet & Partners, LLP**
**Cost Report - Dollar General**
**As of November 30, 2015**

| Description | Amount |
|---|---:|
| Court Reporter | 6,616.97 |
| Copy/Scan/Fax | 2,501.50 |
| Filing Fees | 301.05 |
| Research | 2,520.98 |
| Telephone | 112.21 |
| Travel | 15,753.56 |
| | |
| **Toal Costs Advanced** | **27,806.27** |